## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **TERRELL T. CASBY** | | **CIVIL NO. 20-02424** |
| | * | |
| **v.** | | **SECTION: T(4)** |
| | * | |
| **JUSTIN RESTER, SCOTT WILLIAMS, JEREMY SISTRUNK, RANDALL WILLIAMS, WADE RIGDON, SCOTEL TEMPLE, DONNIE SEAL, JEFF WILLIAMS, LLOYD SPEARS, and ROBERT CLEVELAND** | * | **HON. GREG GUIDRY** |
| | | **MAG. JUDGE ROBY** |

## ORDER

Before the Court is Defendant-Officers Justin Rester, Scott Williams, Jeremy Sistrunk,

Randall Williams, Wade Rigdon, Scotel Temple, Donnie Seal, Jeff Williams, Lloyd Spears, and

Defendant Dr. Robert Cleveland's ("Defendants") *Motion to Dismiss* Plaintiff Terrell Casby's

complaint.[1] Mr. Casby filed a response.[2] For the foregoing reasons, the motion is **GRANTED IN**

**PART** and **DENIED IN PART**.

## BACKGROUND

Terrell Casby is an inmate at the B.B. "Sixty" Rayburn Correctional Center ("Rayburn")

in Angie, Louisiana.[3] In July of 2019, Mr. Casby attempted to form a Rastafarian "faith base[d]"

club at Rayburn.[4] Later that month, Mr. Casby submitted a "religious exemption form," asking to

grow his hair beyond Rayburn's grooming restrictions to practice a "sacred rite of his Rastafari[an]

---

[1] R. Doc. 33.
[2] R. Doc. 34.
[3] *See* R. Doc. 1.
[4] R. Doc. 1 at 1.

beliefs."[5] Mr. Casby asserts that after his request was denied, he "began being harassed and threatened by a number of security officers" due to his religious beliefs.[6] A few months later, Mr. Casby was allegedly "humiliate[d]" and threatened by one officer, Sergeant Branch, in an incident that ended in a scuffle.[7]

Now, Mr. Casby asserts that nearly a dozen correctional officers at Rayburn took part in a coordinated campaign to punish Mr. Casby "in retaliation for the Sgt. Branch incident."[8] Through "a series of planned attacks" throughout the day on November 21, 2019, Mr. Casby was allegedly "slammed" to the floor, struck in the "face, head and body" numerous times, and had his limbs "ben[t]" and "twist[ed]" repeatedly.[9] Following these alleged incidents, Mr. Casby's medical needs were attended to by Rayburn's chief physician, Dr. Robert Cleveland. Mr. Casby alleges his treatment was suboptimal, asserting that Dr. Cleveland "treated [plaintiff's injuries] with deliberate indifference" by not recommending an "outside physician" and prescribing low-level pain medication.[10]

Proceeding *pro se* and *in forma pauperis*, Mr. Casby advanced several claims against Rayburn's staff. Earlier in this litigation, the Court adopted Magistrate Judge Roby's *Report and Recommendation* dismissing several of the initial claims.[11] Now, there are three broad claims

---

[5] R. Doc. 1 at 1.
[6] *Id.* at 1.
[7] Id. at 1. Officer Branch is not a named defendant in this suit. It is unclear what happened in the "Branch incident." Mr. Casby states that Sergeant "Branch approach[ed] plaintiff in a[n] aggressive manner which lead to *him* being struck." *Id.* at 2 (emphasis added). The Defendants state that the "plaintiff admittedly assaulted Sgt. Branch" and reference the Complaint. Therefore, it is unclear if it was Mr. Casby or Officer Branch who was "struck," or both.
[8] *Id.* at 2.
[9] *Id.* at 2-3.
[10] R. Doc. 34-1 at 5-6.
[11] R. Docs. 28, 29.

remaining:  a § 1983 excessive force and retaliation claim against nine correctional officers, a bystander liability claim against two officers, and a medical indifference claim against Dr. Cleveland. Mr. Casby asks for "a declaration that the [Defendants'] acts…violated [his] 8th amendment rights" under the United States Constitution.[12] He also requests "compensatory damages" and "punitive damages."[13]

In response, the Defendants have filed a motion to dismiss, arguing that Mr. Casby's claims fail for two reasons.[14] First, the Defendants assert "Dr. Cleveland did not exercise deliberate medical indifference to the Plaintiff's serious medical needs" because the "Plaintiff has not been denied medical treatment, but rather, [the] Plaintiff is unsatisfied with the treatment he received."[15] The Defendants argue deliberate indifference is an "extremely high" standard requiring a culpable or apathetic disregard of a serious medical risk.[16] The Defendants assert that, because Rayburn's records indicate Dr. Cleveland did in fact treat Mr. Casby's injuries, the indifference threshold cannot be met. Second, the Defendants argue the Eleventh Amendment prohibits suit against the officers because, as employees of the State, "Louisiana's sovereign immunity extends to the Warden and all Corrections personnel when they are sued in their official capacity."[17] Further, the Defendants assert that, because Mr. Casby is seeking "monetary relief," his § 1983 claim must fail because it "lack[s] an arguable legal basis" under longstanding legal precedent barring such

---

[12] R. Doc. 1 at 6.
[13] *Id.* at 6.
[14] R. Doc. 33.
[15] R. Doc. 33-1 at 5-7.
[16] *See id.*
[17] *Id.* at 11.

relief.[18] Accordingly, the Defendants assert that Mr. Casby's claims for relief must be dismissed "for lack of subject matter jurisdiction" under Rule 12(b)(1).[19]

Mr. Casby filed a response, presenting two arguments. First, Mr. Casby contends the factual allegations raised in his complaint are sufficient to support a deliberate indifference claim against Dr. Cleveland.[20] Second, he asserts the *Ex parte Young* "exception to the Eleventh Amendment immunity" of the States.[21] Mr. Casby argues an unconstitutional act is not a protected "official act because a state cannot confer authority on its officers to violate the constitution or federal law."[22] Recognizing *Ex parte Young* requires individual defendants and "the relief sought must be declaratory or injunctive in nature and prospective in effect," Mr. Casby asserts "[t]his court has subject matter jurisdiction to hear the complaints made against the defendants."[23]

## LAW & ANALYSIS

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."[24] To survive a motion to dismiss, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[25] A complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause

---

[18] *Id.*
[19] *Id.* at 12.
[20] R. Doc. 34.
[21] R. Doc. 34-1 at 2.
[22] *Id.*
[23] *Id.*
[24] Fed. R. Civ. P. 12(b)(6).
[25] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

of action.[26] The complaint is construed in the light most favorable to plaintiff, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in plaintiff's favor.[27] Accordingly, such motions are viewed with disfavor and rarely granted because "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[28]

Furthermore, a "document filed *pro se* is to be liberally construed ... and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."[29] However, while *pro se* petitioners are held to a "more lenient standard," they "must still plead factual allegations" that pass 12(b)(6) muster.[30]

Federal Rule of Civil Procedure 12(b)(1) is the initial vehicle for parties to raise a "lack of subject-matter jurisdiction" defense.[31] "The standard of review applicable to…Rule 12(b)(1) is similar to that applicable to motions to dismiss under Rule 12(b)(6)," but the court may review a broader range of materials in considering subject-matter jurisdiction.[32] "Courts may dismiss for lack of subject matter jurisdiction on any one of three different bases: (1) the complaint alone; (2)

---

[26] *Id.* (quoting *Twombly*, 550 U.S. 570).
[27] *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004) (citing *Herrmann Holdings Ltd. v. Lucent Techs., Inc*., 302 F.3d 552, 558 (5th Cir. 2002)).
[28] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc*., 677 F.2d 1045, 1050 (5th Cir. 1982); *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (per curiam) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).
[29] *Norman v. Dep't of Pub. Safety & Corr*., 2009 WL 816264, at *2 (M.D. La. Mar. 27, 2009) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)).
[30] *Chhim v. University of Texas at Austin*, 836 F. 3d 467, 469 (5th Cir. 2016).
[31] Fed. R. Civ. P. 12(b)(1).
[32] *Thomas v. City of New Orleans*, 883 F. Supp. 2d 669, 676 (E.D. La. Aug. 2, 2012) (citing *Williams v. Wynne*, 533 F.3d 360, 364–65 n. 2 (5th Cir. 2008).

the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."[33]

## I.      The § 1983 Claims

The Eighth Amendment prohibits the State from inflicting "cruel and unusual punishments" upon prisoners in its custody, including fostering inhumane conditions of confinement, providing inadequate shelter, and being wantonly indifferent to the safety of inmates.[34] Additionally, the Eighth Amendment forbids "prison officials" from "us[ing] excessive physical force against prisoners."[35] At the same time, the Eleventh Amendment immunizes the State from "suits brought in federal courts by her own citizens as well as by citizens of another state," regardless of the remedy sought.[36] "There may be a question, however, whether a particular suit in fact is a suit against a State" when the named defendants are state officials.[37] When "the state is the real, substantial party in interest" or the case is "nominally against an officer" of the State, the suit is barred.[38]

However, a "suit challenging the constitutionality of a state official's actions is not one against the State."[39] This exception, known as the *Ex parte Young* rule, holds that when a state official acts in violation of the United States Constitution, "any immunity from responsibility to

---

[33] *Clark v. Tarrant Cty., Texas*, 798 F.2d 736, 741 (5th Cir. 1986).
[34] *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1970).
[35] *Farmer*, 511 U.S. at 832.
[36] *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984) (quoting *Employees of Dept. of Public Health and Welfare v. Dept of Public Health, Missouri*, 411 U.S. 279, 280 (1973). This does not apply when the State or Congress has expressly waived the Eleventh Amendment's protections.
[37] *Id.* at 100.
[38] *Id.* at 100-101.
[39] *Id.* at 101-102.

the supreme authority of the United States" is lost.[40] To fall within the *Ex parte Young* exception, a petitioner must sue "state officers who are acting in their official capacities" and seek redress of an ongoing violation of federal law.[41] Also, the "relief sought must be declaratory or injunctive in nature and prospective in effect."[42] Monetary relief is prohibited, including a "backwards-looking, past-tense declaratory judgment" that is "tantamount to an award of damages for a past violation of law."[43] Ultimately, a court should look to the "substance rather than to the form of the relief sought" to determine the nature of the petitioner's request and whether *Ex parte Young* applies.[44]

Here, the Defendants argue that Mr. Casby's § 1983 claims must fail because they "are frivolous and seek [monetary] relief from defendants who are entitled to Eleventh Amendment immunity from suit."[45] In response, Mr. Casby asserts that the *Ex parte Young* exception applies to his claims.[46] After reviewing the parties' briefs and the applicable law, the Court agrees with Mr. Casby for four reasons. First, Mr. Casby sued the individual correctional officers, not the State of Louisiana. Second, the Defendant-Officers were acting in their official capacity during the alleged incidents. Mr. Casby was an inmate in their custody and the officers, as employees of the Rayburn Correctional Center, were charged with his care. Third, liberally construing his complaint, the Court finds that Mr. Casby is requesting declaratory relief, namely a finding that the Defendants "violat[ed] his 8th amendment rights," and subsequent prospective relief in the form

---

[40] *Id.* at 102 (quoting *Ex parte Young*, 209 U.S. 123, 160 (1974)).
[41] *Freedom From Religion Found. v. Abbott*, 955 F.3d 417, 424 (5th Cir. 2020).
[42] *Saltz v. Tennessee Dep't of Emp. Sec.*, 976 F.2d 966, 968 (5th Cir. 1992).
[43] *Abbott*, 955 F. 3d at 425.
[44] *Id.*
[45] R. Doc. 33-1 at 12.
[46] R. Doc. 34-1 at 4.

of an injunction preventing further "planned attacks" against him.[47] Finally, viewed in a light most favorable to the non-moving party, Mr. Casby's factual allegations indicate an ongoing danger of continued retaliation in violation of federal law and injunctive relief would redress that possibility. Accordingly, insofar as Mr. Casby's claims seek declaratory or injunctive relief, the Defendants' motion is **DENIED IN PART**.

## II.    The Medical Indifference Claim

The Eighth Amendment prohibits "cruel and unusual punishments," including "acting with deliberate indifference to [an inmate's] medical needs."[48] A deliberate indifference claim requires that a prison official know an inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.[49] Deliberate indifference is an "extremely high" standard to meet.[50] It does not encompass "negligence," "medical malpractice," or "a matter for medical judgment."[51] Instead, it is a "twofold analysis" that requires an "objective exposure" to a risk of serious harm and a "subjective" indifference on the part of the state official, namely a conscious disregard of a serious risk to an inmate.[52] Ultimately, a "showing of deliberate indifference requires the prisoner to submit evidence that prison officials 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'"[53]

---

[47] *See* R. Doc. 1.
[48] *Gobert v. Caldwell*, 463 F. 3d 339, 345 (5th Cir. 2006).
[49] *Farmer*, 511 U.S. at 847; *see Wilson v. Seiter*, 501 U.S. 294, 297 (1991).
[50] *Gobert*, 463 F.3d at 346.
[51] *Id.* at 346.
[52] *Id.* at 345-46.
[53] *Id.* at 346 (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir.1985)).

Mr. Casby alleges that Dr. Cleveland disregarded a serious risk to Mr. Casby's health "because he knew plaintiff suffered from a serious injury" and "failed to recommend plaintiff to see an outside physician," opting instead to prescribe pain medication.[54] The Court finds that Mr. Casby has failed to meet the "high standard" of deliberate indifference claims. When viewed in a light most favorable to Mr. Casby, it is still clear that Dr. Cleveland "x-rayed" Mr. Casby's wounds, diagnosed an injury to his left hand, provided him with two different pain medications, and ordered a treatment regimen.[55] These actions do not evidence a subjective indifference to serious medical needs. Dr. Cleveland did not outright refuse to treat Mr. Casby, wholly ignore his complaints, or purposefully misdiagnose him. Mr. Casby alleges "the treatment was nothing more than palliative treatment" and Dr. Cleveland "opt[ed] for an easier and less efficacious treatment."[56] However, absent a serious and deliberate indifference to an inmate's health and wellbeing, a medical professional's diagnoses, treatment plans, or medical judgments are not the targets of deliberate indifference claims. Because the Court finds no such indifference exists, the Defendants' motion is **GRANTED IN PART** and the Plaintiff's claim against Dr. Cleveland is **DISMISSED WITH PREJUDICE**.

---

[54] R. Doc. 34-1 at 3.
[55] R. Doc. 33-1 at 7; *see* R. Docs. 1, 34-1.
[56] R. Doc. 34-1 at 6.

## <u>CONCLUSION</u>

For the foregoing reasons, **IT IS ORDERED** that the Defendants' motion is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that the Defendants' motion, insofar as it seeks to dismiss the Plaintiff's claims that request declaratory or injunctive relief, is **DENIED**.

**IT IS FURTHER ORDERED** that the Defendants' motion, insofar as it seeks to dismiss the Plaintiff's claims that request monetary relief as opposed to declaratory or injunctive relief, is **GRANTED** and those claims for relief are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Defendants' motion to dismiss Plaintiff's medical indifference claim against Dr. Cleveland is **GRANTED** and that claim is **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this __14th__ day of February, 2022.

_____
Hon.Greg Gerard Guidry
United States District Judge

**SEND VIA MAIL TO:**
**Terrell T. Casby, Inmate #535867**
**B.B. (Sixty) Rayburn Correctional Center**
**Sleet 4R**
**27268 Highway 21**
**Angie, LA 70426**