## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TERRELL T. CASBY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-2424** |
| **JUSTIN RESTER, ET AL.** | **SECTION "T"(4)** |

## REPORT AND RECOMMENDATION

Plaintiff Terrell T. Casby filed a Motion for Leave to Appeal *In Form Pauperis* (ECF No. 62). This motion was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition. ECF No. 57. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

### I.   Factual and Procedural Background

On February 14, 2022, the District Judge granted in part a Motion to Dismiss (ECF No. 33) filed by defendants, Dr. Robert Cleveland and Officers Justin Rester, Scott Williams, Jeremy Sistrunk, Randall Williams, Wade Rigdon, Scotel Temple, Donnie Seal, Jeff Williams, and Lloyd Spears, which dismissed with prejudice Casby's claims for monetary relief against these defendants and dismissed with prejudice Casby's medical indifference claims against Dr. Cleveland. ECF No. 50. On February 24, 2022, Casby filed a notice of appeal from the District Judge's order dismissing all claims for monetary damages. ECF No. 51. Casby filed the instant Motion to Appeal *In Forma Pauperis*, which was filed with corrections to its deficiencies on April 11, 2022. ECF No. 62; *see also*, ECF Nos. 54, 58.

In the completed and certified pauper application signed by Casby on April 5, 2022. Casby denies having dependents, employment, or any income or assets. ECF No. 62, at 1-2. In his original application, signed March 16, 2022, Casby indicated that he received money for his

canteen purchases in the amount of "[a]bout $50." ECF No. 62-1, at 2 (Original Pauper Affidavit). The certified statement of his inmate account from the prison officials at B.B. "Sixty" Rayburn Correctional Center, dated April 6, 2022, indicates that Casby has an account balance of $1.61, a sixth month average monthly deposits of $17.00, and a sixth month average monthly balance of $1.00. *Id*. at 2 ("Statement of Account"). As a matter of record, appellate fees are $505.00 comprised of a $455.00 filing fee and a required $50 administrative fee.

## II.    Standard of Review

Under Fed. R. App. P. 24(a) and 28 U.S.C. §1915(a)(3), a prison-plaintiff may proceed as a pauper on appeal if his indigency is established and unless the district court certifies that the appeal is not taken in good faith or finds that he is not otherwise entitled to proceed as a pauper. *See Strickland v. Rankin County Corrl. Facility*, 105 F.3d 972 (5th Cir. 1997) (recognizing that the Prison Litigation Reform Act of 1996 ("PLRA") modified the "carry over" pauper status recognized in Fed. R. App. P. 24). The United States Fifth Circuit Court of Appeals has explained that "good faith" means the mover must demonstrate the existence of a non-frivolous issue for appeal. *Howard v. King*, 707 F.2d 215, 219 (5th Cir. 1983); *see also Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Payne v. Lynaugh*, 843 F.2d 177, 178 (5th Cir. 1988). If the court cannot discern the existence of any non-frivolous issue on appeal, then an appeal is not taken in "good faith" and the pauper application must be denied despite the party's inability to pay. *Howard*, 707 F.2d at 220. In the Fifth Circuit, if the district court determines that the appeal is not taken in good faith, the court must provide supporting reasons, or at least incorporate by reference its decision dismissing the claim on the merits. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

In accordance with the PLRA, a prisoner like the plaintiff in this case is required to pay the filing fee even when pauper status is granted. 28 U.S.C. § 1915(a), (b)(1). The fee is paid by the prisoner with an initial partial filing fee and subsequent incremental payments as set forth in § 1915(b)(1)-(2). Specifically, the initial partial filing fee is calculated to be 20% of the greater of the prisoner's average monthly deposits to the prisoner's account or the average monthly balance in the prisoner's account for the six-month period immediately prior to the filing of the complaint or notice of appeal. 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the plaintiff or appellant is required to make monthly payments of 20% of the preceding month's income credited to his prison accounts until the full amount of the filing fee is paid. 28 U.S.C. § 1915(b)(2). To assure this collection, the PLRA places the burden on the prison facility to assist when forwarding these incremental payments. *Id*. In addition, when pauper status on appeal is denied, the district court must still provide in its order the calculation of the initial partial filing fee that would be required if pauper status had been granted. *Baugh*, 117 F.3d at 202.

## III.    <u>Analysis</u>

A review of Casby's pauper application reflects that he does not have sufficient funds to pay the appellate fees. As noted above, his balance is certified to be $1.61. Should he be granted pauper status on appeal, pursuant to § 1915(b), his initial partial filing fee would be based on 20% his $17.00 average six months deposits, the higher of his two averages. *See* ECF No. 62, at 2. Therefore, the initial partial filing fee would be $3.40.

In his notice of appeal filed in this Court, Casby indicates that he is appealing the Court's order dismissing claims seeking monetary relief. ECF No. 51, at 1. The good faith component is assessed based on the District Judge's reasons set forth in the Order granting defendants' motion

in part.  ECF No. 50.  The District Judge determined that Casby is not entitled to monetary damages

against the defendants, who are sued in their official capacities, because monetary relief is not

available under the *Ex Parte Young* exception to the Eleventh Amendment Immunity doctrine.

ECF No. 50, at 6-7 (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99-100

(1984), *Freedom From Religion Found. v. Abbott*, 955 F.3d 417, 424 (5th Cir. 2020), and *Ex Parte

Young*, 209 U.S. 123, 160 (1974)).  While the Court has allowed the claims for declaratory and

injunctive relief to proceed per *Ex Parte Young* and its progeny, it dismissed Casby's claims for

monetary relief for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(1).  ECF No. 50, at 7-

8.  Considering the Court's stated reasons, Casby cannot show good faith to appeal the dismissal

of his claims for monetary relief.

## IV.    Recommendation

It is therefore **RECOMMENDED** that Casby's Motion for Leave to Appeal *In Form

Pauperis* (ECF No. 62) be **DENIED** because the appeal from the order dismissing his claims for

monetary relief is not taken in good faith.

It is further **RECOMMENDED** that, pursuant to *Baugh v. Taylor*, 117 F 3d 197 (5th Cir.

1997), Casby be provided with the following notice in the Court's final order addressing his

motion:

> Although this Court certifies that this appeal is not taken in good faith under
> 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3), the appellant may challenge
> this finding pursuant by filing a separate motion to proceed *in forma pauperis* on
> appeal with the Clerk of Court for the United States Court of Appeals for the Fifth
> Circuit, within 30 days of this Court's order denying pauper status.  The initial
> partial filing fee and payment of the costs of the appeal is calculated below, and if
> the appellant moves to proceed on appeal in forma pauperis, the prison authorities
> will be directed to collect the fees as calculated in this order.
> The appellant will be assessed an initial partial filing fee of $ 3.40.  The
> agency having custody of the prisoner shall collect this amount from the inmate's

trust fund account or institutional equivalent when funds are available, and forward it to the clerk of the district court. Thereafter, the appellant shall pay the remainder of the $505.00 filing fee in periodic installments. The appellant is required to make payments of 20% of the preceding month's income credited to the appellant's prison account(s) until the appellant has paid the total filing fees of $505.00. The agency having custody of the prisoner shall collect this amount from the trust fund account or institutional equivalent, when funds are available and when permitted by 28 U. S. C. § 1915 (b)(2), and forward it to the clerk of the district court.

If the appellant moves and is granted leave to proceed on appeal *in forma pauperis* by the United States Fifth Circuit Court of Appeals, the court will order withdrawal of fees as calculated above.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[1]

New Orleans, Louisiana, this 21st day of April, 2022.

_____
KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE

---

[1] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.